## Strunk v. Commonwealth.

(Decided February 20, 1925.)

### Appeal from Perry Circuit Court.

1. Criminal Law—Denial of Continuance for Absence of Witnesses Held Proper in View of Failure to Show Due Diligence.—Where it did not appear from defendant's affidavit or otherwise, on ap-

plication for continuance for absence of witnesses, at what time defendant had subpoenaed witnesses, or that witnesses were not within the jurisdiction of the court or in the neighborhood in which they resided, refusal of application was not error, since due diligence was not shown.

2. Criminal Law—Refusal of Continuance, After having Led Defendant to Believe that he would Not be Tried Unitl Subsequent Term, Reversible Error if Prejudicial.—Refusal of continuance for absence of witnesses, though court had led defendant to believe that he would not be tried until subsequent term, would have been ground for reversal, if defendant had been prejudiced thereby.

3. Criminal Law—Action of Court in Requiring Defendant to go to Trial After having Led Him to Believe that he would Not be Tried until Subsequent Term Held Not Ground for Reversal.—Action of court in requiring defendant to go to trial after having led him to believe that he would not be tried until subsequent term held not ground for reversal where he offered no evidence, and made no showing of diligence to procure attendance of witnesses after retraction made by court and reassignment of trial, though witnesses in exercise of due diligence could have been procured.

4. Criminal Law—Instruction Held Erroneous in that it Assumed the Fact that Defendant had Shot Officer.—In prosecution for shooting officer, instruction, "that at the time the defendant shot and wounded" said officer, he was a deputy sheriff, held erroneous, in that it assumed as a fact that the defendant had shot the officer.

5. Criminal Law—Instruction Assuming Fact Held Harmless in View of Other Instructions and Conclusive Proof of Such Fact.—In prosecution for shooting an officer, instruction assuming as a fact that defendant had shot and wounded the officer held harmless, in view of other instructions requiring jury to find such fact beyond a reasonable doubt, and undisputed and uncontradicted evidence establishing beyond a doubt that defendant had shot and wounded the officer.

6. Criminal Law—Alleged Errors in Selection of Jury Not Considered by Court of Appeals.—Under Criminal Code of Practice, section 281, Court of Appeals in criminal prosecutions will not consider alleged errors in selection of jury.

WILSON & WILSON, D. G. BOLEYN, DENNY P. SMITH and W. C. MARSHALL for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellant, Ison Strunk, was tried in the Perry circuit court under an indictment accusing him of will-

fully shooting and wounding McKinley Combs, a deputy sheriff, but from which wounds he did not die. The jury, under the instructions of the court, found him guilty and fixed his punishment at confinement in the penitentiary for a period of five years. His motion for a new trial was overruled and from the judgment pronounced on the verdict he prosecutes this appeal, complaining of two alleged errors which are: (1) the refusal of the court to continue the trial, and (2) error in giving instruction number 3, which we will dispose of in the order named.

1. It will be unnecessary to rehearse the facts as proven by witnesses for the Commonwealth, since the defendant introduced no testimony in his behalf, not even testifying himself, and the fact of the shooting, as well as the circumstances under which it was done, was testified to by a number of unimpeached witnesses and stands uncontradicted. Defendant was indicted at the January term, 1923, and tried at the January term 1924. The shooting occurred at Lothair, a suburban village of Hazard, where the trial court was held, and which was at a distance of only a mile or at most a couple of miles from the scene of the trial and, as we gather from the record, was the place where defendant's absent witnesses resided. On January 21, 1924, after the court had been in progress for a week or more, the presiding judge announced that he would try this prosecution the next day, and when the case was called on that day defendant and his attorney filed affidavits and moved for a continuance. It was stated in the affidavit of the attorney that during the second week of the court the presiding judge announced that he would try no criminal cases at that term except murder indictments and other felony indictments where the accused had not executed bond and was confined in jail; that realizing that his client, the defendant herein, was on bail and that his indictment did not come within either of the classes to be tried according to the announcement of the judge, he advised defendant's witnesses that they need not attend until further notified. The defendant in his affidavit stated that he was not ready for trial because of the absence of four named witnesses and that "he has had subpoenas issued for said witnesses and has placed the same in the hands of the sheriff of Perry

county, the county of witnesses' residence, and that they are now absent without his consent or procurement," and then sets out the testimony which he claimed the witnesses would testify to if present. The court overruled the motion for a continuance, but stated that he would permit the affidavit to be read as the testimony of the absent witnesses. However, the trial was not entered into until the next day, January 23, so that the defendant had two full days in which to procure the attendance of his witnesses, who resided but a mile or so from the courthouse, even if he had never subpoenaed them before, or if so that he had released them under the alleged announcement of the court with reference to the trial of criminal prosecutions. Neither does it appear from defendant's affidavit or elsewhere at what time he procured the subpoena for his witnesses or put it in the hands of the sheriff, nor does it appear whether the witnesses were then for any cause out of Perry county or were temporarily located either without the jurisdiction of the court or away from the neighborhood in which they resided. So that, under numerous opinions of this court, we are inclined to the opinion that proper diligence was not shown or that, disregarding the disarming announcement of the court, a sufficient showing to entitle defendant to a continuance was made. However, in saying so we would not be understood as approving the act of any court in forcing defendant into trial without sufficient time to procure the attendance of his witnesses after announcing that his case would not be tried at that term; and if there was nothing in this case to overcome that error, if true, it would undoubtedly be cause for reversal of the judgment and the granting of a new trial. Courts are organized for the administration of justice, which includes the practice of unalloyed fairness and unmixed frankness toward all litigants, including, of course, defendants in criminal prosecutions, and when the time comes that courts may make misleading announcements with reference to the trial of causes and then retract them without giving sufficient time to restore the original situation and conditions, the occasion will have arrived to raise the flag of alarm and to put into operation energetic means of remedial relief. So that we repeat, if there was nothing else in this case relieving the trial from the effects of that error, we would unhesitatingly reverse the judgment and order a new trial.

But the record shows that defendant submitted his chances upon the testimony introduced by the Commonwealth alone, not even reading or offering to read his affidavit as to what he claims his absent witnesses would testify. Not only so, but it does not appear that defendant exercised proper diligence to procure the attendance of his witnesses after the retraction made by the court and a reassignment of the trial, notwithstanding it appears, as we have shown, that the witnesses could have been procured between the time of the announcement of the approaching trial and the time it was actually held. Under those circumstances we feel that, although the court may have erred in ordering the trial under the circumstances indicated, yet defendant was not prejudiced thereby and cannot complain of it because of his failure to take advantage of the opportunities that were his.

2. The court, in instructions 1, 2, 4 and 5, required the jury to believe, "beyond a reasonable doubt," that defendant did the shooting with which he was charged, submitting in them the various circumstances under which it may have happened (a), maliciously, or (b), in sudden heat and passion or under great provocation, or (c), in his necessary self-defense. The jury, therefore, could not possibly have been deceived or misled as to the requirement that the defendant could not be convicted unless they believed beyond a reasonable doubt that he actually did the shooting. Notwithstanding the guarding of defendant's rights, as set forth in those instructions, the court, in its third instruction, inadvertently no doubt, assumed that defendant did the shooting but did not indicate the circumstances under which he did it. That inadvertence (as we are convinced it was) was contained in the instruction defining the rights and duties of the defendant and of the deputy sheriff when the latter was attempting to arrest the former; and in its beginning it said: "The court instructs the jury that at the time the defendant Ison Strunk shot and wounded the said McKinley Combs, that the said McKinley Combs was a deputy sheriff of Perry county," etc., thereby assuming, as we have said, that defendant actually did the shooting, and counsel vigorously argue that the court greviously erred to the defendant's prejudice in so doing. The position would undoubtedly be correct if the court had not repeatedly warned the jury not only that the issue as to whether the defendant did

the shooting was to be determined by them, but also that before they could find defendant guilty they must believe *beyond a reasonable doubt* that *he* did do the shooting. Under those circumstances we cannot believe that the jury were misled by the inadvertence contained in instruction number 3. If, however, it were otherwise we do not see how the defendant could be prejudiced thereby, because the evidence heard upon the trial, undisputed and uncontradicted, established beyond doubt that the defendant did shoot and wound the deputy sheriff, Combs, and it appears to us that to hold the error now under consideration so prejudicial as to authorize a reversal would be but trifling with justice and surrendering the substance to the shadow. It readily will be admitted that the assumption of the court in instruction number 3 was improper, and under different circumstances would not only be prejudicial but highly so, but it is not true that such resulting effect may be attributed to that impropriety where the jury had been duly warned as to its duty in other instructions and where the assumed fact was in truth proven beyond a reasonable doubt. From the record, as presented to us, there can be no doubt of defendant's guilt, and the aggravating circumstances portrayed in the evidence fully justified the punishment meted out to him. He became intoxicated, ran amuck, and got on a rampage wherein he was shooting his pistol indiscriminately around a passenger depot, and when the deputy sheriff attempted to arrest him he shot the officer in the chin, the bullet lodging behind one of his ears, where it yet remains. He cannot, therefore, complain of the jury giving him the maximum penalty.

A third ground, not mentioned above, is argued in briefs, and which relates to the selection of the jury that tried the case, but it will be unnecessary to even state it, since in criminal prosecutions we are prevented by the provisions of section 281 of the Criminal Code of Practice from considering such errors.

Perceiving no error prejudicial to the substantial rights of the defendant, the judgment is affirmed.